UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEFFREY HUDDLESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3059-SEM-TSH |
| | ) |
| SPRINGFIELD POLICE DEPARTMENT and DETECTIVE STEVE WELSH, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Jeffrey Huddleston's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

1

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Huddleston alleges that on February 28, 2013, Defendant Detective Steve Welsh and other members of the Defendant Springfield Police Department searched his residence. Huddleston was in Texas at the time of the search. Detective Welsh arrested Huddleston upon Huddleston's return to Illinois for various felony offenses. Huddleston is currently in the Sangamon County Detention Center awaiting trial.

Huddleston alleges that he has a personal history with Detective Welsh that involves a woman named Lisa Kain. Huddleston claims that this history caused Detective Welsh to interfere with Huddleston's attorney-client relationship and resulted in his original attorney withdrawing from his criminal case. In addition, Huddleston asserts that Detective Welsh was deliberately indifferent in his actions toward Huddleston, especially in regard to Detective Welsh's professional obligations as a police officer.

3

Huddleston seeks $300,000.00 in damages as a result of Defendants' actions toward him.

Huddleston is not entirely clear on his cause of action against Defendants.  Huddleston attempts to allege a claim under the Eighth Amendment for deliberate indifference, but Huddleston is a pre-trial detainee.  As a pre-trial detainee, the Fourteenth Amendment's due process protections apply to Huddleston rather than the Eighth Amendment's protections.  *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005).  The United States Court of Appeals for the Seventh Circuit has stated that the Fourteenth Amendment's protections are "'at least as great as the protections available to a convicted prisoner under the Eighth Amendment.'" *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998) (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)).  However, the Seventh Circuit has also stated that "there is little practical difference between the two standards." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001)(internal quotation omitted).

Whether Huddleston's claim arises under the Eighth Amendment or the Fourteenth Amendment is of no consequence

because Huddleston's claim is barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 claim for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not a cognizable claim. *Id.* at 487.

Huddleston has alleged that Detective Welsh is biased against him, interfered with his criminal proceedings by interfering with counsel of his choosing, and acted unprofessionally in seeing that he is prosecuted. Huddleston seeks damages as a result of Detective Welsh's actions.

In order to prevail and obtain damages, however, Huddleston will, by necessity, need to challenge his state criminal proceedings because, in order to find that Detective Welsh violated his due process rights, the Court would need to find that Detective Welsh's actions that constitute the evidence against Huddleston in Huddleston's criminal case were improper. *Heck's* holding bars such a suit. *Id.*; *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)("It is irrelevant that he disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck*, kicks in and bars his civil

5

suit."); *Ibarra v. Bailey*, 2013 WL 6247430, * 5 (C.D. Ill. Dec. 2, 2013)("Because prevailing on his assertion that he did nothing and was attacked by James would undermine the Adjustment Committee's finding that he was the attacker, his case is barred by *Heck*."). Therefore, Huddleston's Complaint fails to state a cause of action upon which relief can be granted.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff Jeffrey Huddleston's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Huddleston's claim is not cognizable.

2. This dismissal shall count as one of Huddleston's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

3. If Huddleston wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Huddleston does choose to

appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

**4. This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. All pending motions are DENIED as moot.**

ENTER: April 7, 2014

FOR THE COURT:

s/ Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE

appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

**4. This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. All pending motions are DENIED as moot.**

ENTER: April 7, 2014

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE